[CHAMBERSBURG, NOVEMBER 1, 1828.]

## DEARDORF *against* HILDEBRAND.

### IN ERROR.

Declarations by a principal in a bond to a witness, in the absence of the surety, that a judgment note, which he gave him to deliver to the party was to secure him, accompanied by proof, that the note was delivered to the party, and he entered up judgment and collected monies thereon, are good evidence, as part of the *res gesta*.

WRIT of error to the Court of Common Pleas of *Adams* county. The plaintiff in error was plaintiff below.

*Carothers* and *Fuller*, for the plaintiff in error.
*Stevens, contra.*

The opinion of the court was delivered by

ROGERS, J.—There is but one point which we are called on to consider. *Henry Piching* executed the bond on which suit is brought, with the present defendant as his surety; and the defence is, that in consequence of a request which he made to *Deardorf* to proceed against *Piching*, &c., he, *Hildebrand*, is discharged from his liability. The plaintiff gave in evidence a judgment to the *April* Term, 1824, on a note, with warrant of attorney from *Henry Piching* to *Jacob Hildebrand*, dated the 30th of *March*, 1824; *Fieri Facias*, and money made to the amount of one hundred and eighty-one dollars and ninety-nine cents; and then offered to prove, that the note was executed by *Henry Piching* in the absence of *Jacob Hildebrand*, and that *Henry Piching* gave it to *Samuel Piching*, the witness, who is also a witness to the note; and further, offered to prove what *Piching* said at the time, was the consideration of the note, and what monies it was intended to secure *Hildebrand:* That it was brought to the office by the witness, and judgment entered; it was then delivered to the said *Hildebrand* by the witness: That *Hildebrand* proceeded on the said judgment, and collected between two and three hundred dollars. This evidence was rejected, because it was the declarations of *Piching* in the absence of *Hildebrand*, not under oath, and which *Piching* was competent to prove. The defence of *Hildebrand*, resting on his character of surety, the evidence offered, was pertinent to the issue, because, if *Hildebrand* received the money on account of his suretyship, he did not stand in the situation of a surety, about to pay money without consideration, but must be considered a principal to that amount. The note itself, does not show the object of giving it. This must be made out by testimony *aliunde*, and this may well be done, by the declarations made at the time the transaction took place. I look

(Deardorf *v*. Hildebrand.)

upon this as a continued transaction from the time of the execution of the note, until it was received, and acted on by *Hildebrand*. By accepting the judgment, issuing execution, and collecting the money, he affirmed all the previous acts. The declarations of *Piching*, although in the absence of *Hildebrand*, are properly part of the *res gesta*, and as such, are competent evidence, according to the uniform current of authority. It is no answer, to say, that *Piching* was a competent witness, and as such examined in the cause; for this answer would be equally good, if a valid one, whether *Piching* were present or not. The plaintiff might have proved the object of the bond, by the oath of *Piching*, but he is not bound to do so. The plaintiff has two ways of proving the same fact, each of which is equally good; and it is for him to determine, whether he will resort to one or the other, or both modes of making out his case. The declarations made at the time of doing a particular act, may generally be relied on with the utmost safety, as against the persons who were engaged in the transaction. Individuals do not often commit themselves, against their own interest. I look upon this precisely in the same way, as if *Hildebrand* was present at the time the declaration was made. It was made in the course of the business, and *Hildebrand* acting on it, is bound by the declarations of *Piching*. As the Court of Common Pleas rejected the evidence, we are of opinion there was error, and that judgment be reversed, and a *venire facias de novo* awarded.

Judgment reversed, and a *venire facias de novo* awarded.